UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-71-RLV
(5:99-cr-70-RLV-4)

| | |
|---|---|
| DOTTIE NIXON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion under Rule 60B." (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the motion.

I.  **BACKGROUND**

On November 3, 2000, pro se Petitioner pled guilty in this Court to conspiracy to possess with intent to distribute, and distribution of, a quantity of cocaine and cocaine base within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860. See (Criminal Case No. 5:99-cr-70-RLV-4: Doc. No. 71: Entry and Acceptance of Guilty Plea). On August 13, 2001, this Court sentenced Petitioner to a total of 360 months of imprisonment, entering judgment on August 30, 2001. (Id., Doc. No. 121: Judgment).

Petitioner appealed, and on May 23, 2002, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished opinion. See (Id., Doc. No. 135). On September 13, 2004, Petitioner filed her first motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. (Id., Doc. No. 141: Civ. No. 5:04cv152). On November 10, 2004,

1

this Court denied and dismissed the motion to vacate as time-barred. (Id., Doc. No. 142).

On October 31, 2016, Petitioner filed the instant motion, which she describes as a motion "to vacate her sentence under Rule 60B."[1] In the pending motion, Petitioner contends that she was wrongfully convicted in this Court because she "is not the person named in the indictment" in her underlying criminal case. (Civ. Doc. No. 1 at 1). On January 19, 2017, former U.S. President Barack Obama commuted Petitioner's sentence to expire on May 19, 2017, leaving intact and in effect Petitioner's term of supervised release. (Criminal Case No. 5:99-cr-70-RLV-4, Doc. No. 223). Furthermore, the Bureau of Prisons website indicates that Petitioner was released from her custodial sentence on May 19, 2017.

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

Petitioner filed the instant motion on October 31, 2016, seeking to have the Court vacate her conviction and sentence in Criminal Case No. 5:99-cr-70-RLV-4. As noted, Petitioner filed a previous motion to vacate the same conviction and sentence, and this Court denied the motion to vacate as time-barred. Thus, this is a successive petition.[2] Pursuant to 28 U.S.C. §

---

[1] Petitioner did not sign the petition under penalty of perjury.
[2] Although Petitioner has styled the motion as filed under Rule 60(b), it is in substance a

2

2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner has not shown that she has obtained the permission of the Fourth Circuit Court of Appeals to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

IV.     **CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must

---

successive petition. See United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (explaining that "a Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits is not a true Rule 60(b) motion, but rather a successive habeas petition").

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 23, 2017

Richard L. Voorhees
United States District Judge